IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RODERICK BOYKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:24CV37 |
| ) | |
| SCOTLAND CORRECTIONAL ) | |
| INSTITUTION, et al., ) | |
| ) | |
| Defendant(s). ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed and signed by Plaintiff, to permit review.

2. The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(d).

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)). The Court also notes that the Complaint does

not clearly state a claim for relief. Most of Plaintiff's claim stem from an incident in which prison officials allegedly kept him in a restrictive housing setting in violation of state or prison policies. However, claims under § 1983 must be based on violations of the United States Constitution, not state or prison policies. Further, a prison inmate has no liberty or property interest in a particular prison location or custody classification, even as to disciplinary segregation, unless the inmate can demonstrate that the restraints "'impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Bevarati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997) (quoting Sandin, 515 U.S. at 484). The current Complaint does not contain factual allegations supporting such a claim. Plaintiff may also be attempting to raise claims based on the handling of grievances. However, there is not a substantive due process right to a grievance procedure. Grieveson v. Anderson, 538 F.3d 763, 772 n.3 (7th Cir. 2008) (no substantive right to a grievance procedure); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (no right to any grievance procedure or to access any procedure voluntarily created by the State). Plaintiff is certainly not entitled to any particular outcome regarding his grievances. Plaintiff also alleges retaliation, but the facts supporting that allegation are unclear. Plaintiff must make his claims clear in any refiling.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send

Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 1st day of February, 2024.

                                       /s/ L. Patrick Auld
                                       **L. Patrick Auld**
                            **United States Magistrate Judge**